IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry Tyrone Parker,<br><br>           Petitioner,<br>v.<br><br>Carla Hacker-Agnew, et al.,<br><br>           Respondents. | No. CV-18-08197-PCT-SPL<br><br>**ORDER** |

The Court has before it, Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 6), the Answer from the Respondents (Doc. 19), and the Petitioner's Reply. (Doc. 22) Additionally, the Court is in receipt of the Report and Recommendation of the Magistrate Judge (Doc. 23), Petitioner's Objections (Doc. 26), and the Response to the Objections. (Doc. 27)

In the instant Petition, the Petitioner alleges the trial court improperly instructed the jury on the issue of self-defense in violation of federal Due Process. (Doc. 6 at 6) Additionally, the Petitioner alleges he was denied trial by an impartial jury in violation of his Fifth, Sixth, and Fourteenth Amendments and that his rights were further violated when his right to appeal under state law was obstructed or frustrated by state appellate courts. (*Id.* at 7-8) The Petitioner finally argues ineffective assistance of counsel. (*Id.* at 9)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R

that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has carefully undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been thoroughly considered, although they constitute a recitation of what was previously filed and addressed by Judge Willett.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Willett. Having carefully reviewed the record, the Petitioner failed to show that extraordinary circumstances or that newly discovered and reliable evidence of actual innocence were the proximate cause of the untimely filing as previously addressed in *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The Petitioner is not entitled to equitable tolling or habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 23) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 26) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 6) is **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis*

on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall enter judgment according and terminate this action.

Dated this 22nd day of January 2020.

_____
Honorable Steven P. Logan
United States District Judge